IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **SANDRA J. WEAVER,** | : | **No. 20-6208** |
| **Defendant.** | : | |

# ORDER

**AND NOW**, this **23rd** day of **March 2021**, upon consideration of Plaintiff's Motion for Default Judgment and Supplemental Memorandum of Law in Support of Motion, it is **ORDERED** that the Motion (Document No. 5) is **DENIED without prejudice**.[1] Plaintiff may submit a renewed motion for default judgment. Such motion shall include, but not be limited to, exhibits containing the following information:

---

[1] Plaintiff has not adequately proved its right to foreclose. First, Plaintiff argues that the current foreclosure moratorium for borrowers with U.S.D.A. single family housing direct loans, which lasts until June 30, 2021, does not apply to this action because the property is vacant. To justify this position, Plaintiff presents only an affidavit of non-service at the property address. This evidence is insufficient to prove that either the U.S.D.A. or the servicing lender has documented the property is vacant or abandoned, as required by the foreclosure moratorium.

Second, Plaintiff has not presented any evidence that it complied with Pennsylvania pre-foreclosure procedures or any argument that such procedures do not apply to this loan. *See* 42 U.S.C. § 1475(b); *United States v. Buskell*, Civ. A. No. 13-6630, 2014 WL 1765386, at *4-6 (E.D. Pa. May 2, 2014).

Third, Plaintiff has not provided sufficient evidence that it complied with the pre-foreclosure notice requirements for this loan. *See* 7 C.F.R. § 3550.211(c); *United States v. Brown*, Civ. A. No. 13-4530, 2014 WL 657518, at *1 (E.D. Pa. Feb. 20, 2014). Plaintiff's Complaint includes a copy of a Notice of Intention to Foreclose, but Plaintiff presents no evidence of how and when that notice was sent or proof that it was sent to the borrower's last known address at the time. *See Buskell*, 2014 WL 1765386, at *3.

Finally, Plaintiff has not presented sufficient evidence to allow the Court to verify the value of the judgment it seeks. Plaintiff presents no payment history or other servicing records to support its calculation of interest recapture, principal balance, interest, late charges, and escrow or impound owed. The Subsidy Repayment Agreement does not indicate the amount of any subsidy provided. Plaintiff also has not justified its assessment of fees.

2

1. An affidavit from an appropriate official at the U.S.D.A. describing Plaintiff's investigation and determination that the Defendant has ceased to occupy the property;

2. An affidavit from an appropriate official at the U.S.D.A. describing Plaintiff's compliance with 42 U.S.C. § 1475(b) in this matter;

3. An affidavit from an appropriate official at the U.S.D.A. that the "Notice of Intention to Foreclose," was served by certified mail to the Defendant's last known address;

4. A payment history or other records that allow this Court to identify the principal and interest balance and any subsidy, late charges, and escrow or impound owed; and

5. An explanation of each fee and charge sought, including a detailed explanation of any attorney's fees.

**BY THE COURT:**

/s/ Berle M. Schiller

**Berle M. Schiller, J.**